UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUTHER LOPEZ,

                              Plaintiff,

            -against-                                    26-CV-4704 (JGLC)

CHECKR, INC.,                                            **<u>ORDER</u>**

                              Defendant.

KENNETH M. KARAS, United States District Judge:

Plaintiff, who is proceeding pro se, filed this action on May 1, 2026, in the Supreme Court of the State of New York, Dutchess County. *See* ECF No. 1-1. He seeks "to recover damages for violations of consumer protection laws and negligent reporting of false information," including violations of the Fair Credit Reporting Act. *Id.* at 4. On May 5, 2026, Defendant was served the Complaint and Summons via mail. ECF No. 1 ¶ 2. On June 2, 2026, Defendant received a pleading styled as an "Emergency Order to Show Cause for Temporary Restraining Order, Preliminary Injunction, and Mandatory Injunctive Relief" via email. *Id.* ¶ 3; *see* ECF No. 1-2. On June 4, 2026, Defendant timely removed this action to this District. *See id.*

Four days later, on June 8, 2026, this Court referred the case to Magistrate Judge Judith C. McCarthy for general pretrial management. ECF No. 5. The following day, Plaintiff filed an Amended Complaint. ECF No. 9. Defendant then requested, and was granted, an extension to respond to the Amended Complaint. ECF Nos. 6–7. On June 15, 2026, Plaintiff filed an Emergency Motion seeking a temporary restraining order ("TRO") and a preliminary injunction ("PI")—asking the Court to enjoin Defendant "from delaying, suppressing, withholding, deleting, interfering with, or obstructing any background screening process involving Plaintiff." ECF No. 9 at 4. According to Plaintiff, Defendant has "intentionally delayed, withheld,

obstructed, removed, suppressed, or otherwise interfered" with his background checks such that he has lost employment opportunities and has suffered reputational harm. *Id.* ¶¶ 2–7. Because of these delays, Plaintiff alleges, he has "not been able to earn an income for approximately 7 weeks." *Id.* ¶ 4.

To obtain preliminary injunctive relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted). The bar for issuing *ex parte* relief—that is, relief granted after briefing from only one party—is particularly high. *See Austin v. Altman*, 332 F.2d 273, 275 (2d Cir. 1964); *Commey v. Adams*, No. 22-CV-0018 (RA), 2022 WL 62155, at *2 (S.D.N.Y. Jan. 6, 2022); *Suber v. VVP Servs.*, No. 20-CV-8177 (AJN), 2021 WL 1101235, at *19 (S.D.N.Y. Mar. 23, 2021).

Plaintiff styles his petition as requesting a preliminary injunction, which may only be issued "on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). To the extent Plaintiff's petition may also be construed as an application for an *ex parte* TRO, he was required to certify in writing "any efforts made to give notice and the reasons why it should not be required"—or at least explain why such notice should not be provided. Fed. R. Civ. P. 65(b)(1)(B); *FEI Hong Kong Co. v. GlobalFoundries, Inc.*, No. 20-CV-2342 (MKV), 2020 WL 1444956, at *2

(S.D.N.Y. Mar. 25, 2020) (denying TRO as plaintiff had "not provided any reasons why notice was unnecessary or impractical"); *Gullas v. 37-31 73rd St. Owners Corp.*, No. 12-CV-2301, 2012 WL 1655520 (DLI), at *1 (E.D.N.Y. May 10, 2012) (denying TRO where plaintiffs had "neither shown that Defendant was given notice of this motion nor made any showing as to why notice should not be required"). He has not done so. *See* ECF No. 15. The pleading styled as an "Emergency Order to Show Cause for Temporary Restraining Order, Preliminary Injunction, and Mandatory Injunctive Relief," which was emailed to Defendant on June 2, 2026 while the case was in state court, is distinct from the Emergency Motion filed in this Action on June 15, 2026. *Compare* ECF No. 1-2 *with* ECF No. 15. Defendant was therefore not given notice or an opportunity to respond to Plaintiff's emergency application. This failure alone renders *ex parte* relief inappropriate. *See, e.g.*, *Pro. Merch. Advance Cap., LLC v. C Care Servs., LLC*, No. 13-CV6562 (RJS), 2013 WL 12109397, at *2 (S.D.N.Y. Oct. 2, 2013) ("Plaintiff's attorney has not submitted anything about efforts to give notice or reasons why notice should not be required. That omission alone is fatal to the application . . . .").

In any event, at this stage in the proceedings, Plaintiff's submissions do not demonstrate that he is likely to suffer irreparable harm. First, loss of employment is presumptively compensable—meaning that any financial harm Plaintiff may suffer due to Defendant's alleged delays in processing his background checks are not irreparable. "It is well settled," the courts in this Circuit have made clear, "that adverse employment consequences . . . are not the type of harm that usually warrants injunctive relief because economic harm resulting from employment actions is typically compensable with money damages." *Kane v. de Blasio*, 575 F. Supp. 3d 435, 440 (S.D.N.Y. 2021), *aff'd sub nom. Keil v. City of New York*, No. 21-3043-CV, 2022 WL 619694 (2d Cir. Mar. 3, 2022) (quoting *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 294–

95 (2d Cir.), *opinion clarified*, 17 F.4th 368 (2d Cir. 2021)); s*ee also Sampson v. Murray*, 415 U.S. 61, 92 n.68 (1974) (explaining that "difficulties in immediately obtaining other employment . . . will not [ordinarily] support a finding of irreparable injury, however severely they may affect a particular individual"); *New Yorkers for Religious Liberty, Inc. v. City of New York*, 125 F.4th 319, 329 (2d Cir. 2025) (denying injunctive relief pursuant to "the well-established principle that loss of employment does not usually constitute irreparable injury").

Second, Plaintiff's conclusory allegation that he has suffered reputational harm is not enough, *see* ECF No. 15 ¶ 6, without more, to establish irreparable injury. *Atari Interactive, Inc. v. Printify, Inc.*, 714 F. Supp. 3d 225, 238 (S.D.N.Y. 2024) ("[C]onclusory statements of loss of reputation and goodwill constitute an insufficient basis for a finding of irreparable harm." (quoting *Two Hands IP LLC v. Two Hands Am., Inc.*, 563 F. Supp. 3d 290, 301 (S.D.N.Y. 2021))). Just as "the injuries that generally attend a discharge from employment—loss of reputation, loss of income and difficulty in finding other employment—do not constitute the irreparable harm necessary to obtain a preliminary injunction," so too are those injuries insufficient to establish irreparable harm when looking for work in the first place. *New Yorkers for Religious Liberty, Inc.*, 125 F.4th at 328 (quoting *Guitard v. U.S. Sec'y of Navy*, 967 F.2d 737, 742 (2d Cir. 1992)).

Accordingly, the Court denies Plaintiff's request for a Temporary Restraining Order. However, the Court directs Defendant to respond to Plaintiff's Emergency Motion by June 19, 2026. Plaintiff may then file a reply by June 24, 2026.

Dated: June 17, 2026
        White Plains, New York

                                        SO ORDERED.

                                        _____
                                        KENNETH M. KARAS
                                        United States District Judge