UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUTHER LOPEZ,<br><br>                              Plaintiff,<br><br>              -against-<br><br> CHECKR, INC.,<br><br>                              Defendant. | 26-CV-4704 (JGLC)<br><br>**ORDER** |

KENNETH M. KARAS, United States District Judge:

Plaintiff, who is proceeding pro se, filed this action on May 1, 2026, in the Supreme Court of the State of New York, Dutchess County. *See* ECF No. 1-1. Defendant timely removed the case to this Court on June 4, 2026. *See* ECF No. 1-2. Plaintiff seeks "to recover damages for violations of consumer protection laws and negligent reporting of false information," including violations of the Fair Credit Reporting Act. ECF No. 1-1 at 4.

On June 15, 2026, Plaintiff filed an Emergency Motion seeking a temporary restraining order ("TRO") and a preliminary injunction ("PI")—asking the Court to enjoin Defendant "from delaying, suppressing, withholding, deleting, interfering with, or obstructing any background screening process involving Plaintiff." ECF No. 9 at 4. According to Plaintiff, Defendant "intentionally delayed, withheld, obstructed, removed, suppressed, or otherwise interfered" with his background checks such that he lost employment opportunities and suffered reputational harm. *Id.* ¶¶ 2–7.

On June 17, 2026, the Court denied Plaintiff's request for a TRO but directed the Parties to brief the Emergency Motion. ECF No. 10. Defendant timely filed its Opposition on June 19, 2026. ECF No. 11. Plaintiff timely filed his Reply on June 23, 2026. ECF No. 12. For the reasons stated below, Plaintiff's motion is DENIED.

**LEGAL STANDARD**

To obtain preliminary injunctive relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

## I.      Plaintiff Has Not Demonstrated That He Is Likely to Suffer Irreparable Harm

As the Court discussed in its prior Order, Plaintiff has not demonstrated that he is likely to suffer irreparable harm. *See* ECF No. 10 at 3–4. Plaintiff's latest submission does nothing to alter that analysis. *See* ECF No. 12. Indeed, Plaintiff does not even address this threshold issue in his reply. *See id.* Instead, he simply reasserts a number of his claims and advances factual allegations that have no bearing on this legal question. *See id.*

The Court previously explained that "loss of employment is presumptively compensable—meaning that any financial harm Plaintiff may suffer due to Defendant's alleged delays in processing his background checks are not irreparable." ECF No. 10 at 3; *see also New Yorkers for Religious Liberty, Inc. v. City of New York*, 125 F.4th 319, 329 (2d Cir. 2025) (denying injunctive relief pursuant to "the well-established principle that loss of employment does not usually constitute irreparable injury"). Conclusory allegations about reputational injury are likewise insufficient to establish irreparable harm, the Court underscored. *See* ECF No. 10 at

2

4; *see also Atari Interactive, Inc. v. Printify, Inc.*, 714 F. Supp. 3d 225, 238 (S.D.N.Y. 2024) ("[C]onclusory statements of loss of reputation and goodwill constitute an insufficient basis for a finding of irreparable harm." (citation omitted)).

For these same reasons, the Court concludes that Plaintiff has failed to show that he is likely to suffer irreparable harm. *See* ECF No. 10. Demonstrating irreparable harm is "the single most important prerequisite for the issuance of a preliminary injunction"—and Plaintiff has failed to meet this threshold burden. *SAM Party v. Kosinski*, 483 F. Supp. 3d 245, 255 (S.D.N.Y. 2020), *aff'd sub nom. SAM Party of New York v. Kosinski*, 987 F.3d 267 (2d Cir. 2021) (citation omitted). Accordingly, his PI motion necessarily fails.

## II.     Plaintiff Is Not Entitled to Expedited Discovery

Plaintiff's request for expedited discovery is also denied. *See* ECF No. 12 ¶ 13; *see also* ECF No. 9 at 11–14. "When determining whether to grant expedited discovery, courts in this District apply a 'flexible standard of reasonableness and good cause.'" *SingularDTV, GmbH v. Doe*, 637 F. Supp. 3d 38, 42 (S.D.N.Y. 2022) (quoting *Digital Sin, Inc. v. Does 1–176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012)). Previously, courts also applied "the four-part test articulated in *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982), but that test has fallen out of favor in this Circuit in recent years." *Id.* at 42 n.10 (internal citation omitted) (citing *In re Keurig Green Mountain Single-serve Coffee Antitrust Litig.*, 14-MD-2542 (VSB), 2014 WL 12959675, at *1 (S.D.N.Y. July 23, 2014) (collecting cases)).

Plaintiff has not demonstrated good cause to support his request for expedited discovery to, in turn, "support [his] request for preliminary injunctive relief" because he is not entitled to preliminary injunctive relief. ECF No. 9 at 11; *see supra* at 2–3. And he has not demonstrated

good cause to support expedited discovery on his claims because, as Defendant correctly

acknowledges, such discovery "will occur in the ordinary course." ECF No. 11 at 10–11.

Plaintiff's request for expedited discovery is therefore also denied.

## CONCLUSION

For the reasons stated herein, Plaintiff's Emergency Motion is DENIED.

Dated:  June 30, 2026
        White Plains, New York

                                        SO ORDERED.


                                        KENNETH M. KARAS
                                        United States District Judge

4